MARC S. HINES (SBN 140065)
mhines@hinescarder.com
NICOLE M. HAMPTON (SBN 189024)
nhampton@hinescarder.com
**HINES CARDER LLP**
3090 Bristol Street, Suite 300
Costa Mesa, California 92626
Tel.: (714) 513-1122
Fax: (714) 242-9529

Attorneys for Defendants,
NATIONWIDE MUTUAL INSURANCE COMPANY, erroneously sued as Nationwide Insurance Co., AMCO INSURANCE COMPANY, and ALLIED PROPERTY & CASUALTY INSURANCE COMPANY, erroneously sued as Allied Insurance Co.

DAVID SIMON (SBN 241501)
dsimon@simonlaw.com
**SIMON LAW**
3021 Citrus Circle, Suite 250
Walnut Creek, California 94598
Tel.: (415) 746-6652
Fax: (415) 746-6632

Attorneys for Plaintiffs
CLIFFORD ORLOFF, OLGA SHALYGIN ORLOFF, and ORLOFF PROPERTY MANAGEMENT INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD ORLOFF, OLGA SHALYGIN ORLOFF, and ORLOFF PROPERTY MANAGEMENT, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> NATIONWIDE INSURANCE CO., AMCO INSURANCE CO., ALLIED INSURANCE CO., and DOES 1 through 50, <br><br> Defendants. | No: 2:14-cv-01017-MCE-DAD <br><br> **STIPULATION AND PROTECTIVE ORDER** |

**TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

**IT IS HEREBY STIPULATED AND AGREED** to, by and between the parties to this action, through their respective attorneys of record, HINES CARDER, LLP for Defendants, NATIONWIDE MUTUAL INSURANCE COMPANY, erroneously sued as Nationwide Insurance Co., AMCO INSURANCE COMPANY, and ALLIED PROPERTY & CASUALTY INSURANCE COMPANY, erroneously sued as Allied Insurance Co. ("Defendants"), and SIMON LAW for Plaintiffs CLIFFORD ORLOFF, OLGA SHALYGIN ORLOFF, and ORLOFF PROPERTY MANAGEMENT INC. ("Plaintiffs"), that certain documents produced in connection with discovery proceedings in this action shall be subject to the following confidentiality agreement ("the Agreement"):

    1.    The documents that are the subject of this Agreement include proprietary and confidential documents of Defendants containing trade secret, proprietary or other confidential research, development or commercial information, and which Defendants contend are protected by trade secret privileges under Civil Code § 3426 *et seq.* and Federal Rule of Civil Procedure 26 and which Defendants are producing to Plaintiffs pursuant to discovery procedures while the above-referenced action is pending and marked by Defendants as "CONFIDENTIAL" (the "Confidential Documents"). Defendants may seek leave from the Court at any time to designate documents as "CONFIDENTIAL" that have been inadvertently produced without having been marked as such due to human error.

    2.    The Confidential Documents, and all copies or extracts therefrom, excerpts, summaries, compilations, testimony, conversations, presentations by parties or counsel to or in court, or in any other settings that might reveal said information, and information learned from the Confidential Documents, are confidential and proprietary in nature and protected by privacy rights and trade secret laws. It is the intent of the parties to preserve the confidentiality of the Confidential Documents and the information learned from them. The Confidential Documents and the information learned from them are not to be used in any fashion other than for the purposes of this litigation, and are not to be disclosed to

any persons or entities except as set forth herein, and are to be kept confidential to the greatest extent possible, even within the confines of this litigation.

3. In the event Defendants mark any document or testimony "CONFIDENTIAL" which Plaintiffs believe is not protected by any trade secret privilege or is not confidential or proprietary in nature, the parties shall within thirty (30) days of Plaintiffs' request, meet and confer in good faith regarding removal of the "CONFIDENTIAL" designation.  In the event the parties are unable to reach an agreement regarding designation of the documents as Confidential Documents subject to this Protective Order or designation of testimony as subject to the restrictions of this Protective Order, Defendants may or shall move the Court for a court-ordered protective order designating the subject documents as "CONFIDENTIAL," and nothing within this Stipulated Protective Order shall preclude Defendants from making such motion. By proceeding in this order and fashion, Plaintiffs waive any claim or assertion that a motion for a court-ordered protective order brought pursuant to this section 3 is not timely sought or filed.  The parties agree to continue to afford the material confidential protection until the Court rules on any such motion.

4. Except as provided herein, the parties agree Defendants need not file a motion for protective order pursuant to Federal Rules of Civil Procedure 26.

5. Immediately following the conclusion of this litigation, either by settlement, judgment, dismissal or otherwise, counsel for the party or parties to which Confidential Documents were produced shall destroy the Confidential Documents, including any copies made of the Confidential Documents and including any extracts and/or summaries of the Confidential Documents containing information taken from the Confidential Documents.  Each party shall provide written notice to the other side that the Confidential Documents have been destroyed or, in the alternative, return the Confidential Documents to the other side with a cover letter confirming all Confidential Documents have been returned.  The parties and Counsel for the parties shall not discuss the Confidential Documents or information gleaned from the Confidential Documents at

all with any person or party at any time after conclusion of the litigation, other than with their respective counsel and clients in the above-captioned action, counsel for Plaintiff, counsel for Defendants, and the Court under seal.

6. The Confidential Documents shall be disclosed only to:

    a. The Court and its officers in accordance with Paragraph 8 herein;

    b. The parties; Counsel of Record for the parties and the staff assigned to assist Counsel of Record in this matter;

    c. Any experts or consultants retained by any of the Parties; provided such expert or consultant complies with Paragraph 7 herein;

    d. Witnesses during depositions in accordance with Paragraph 9 herein;

    e. Persons recording testimony involving such Confidential information, including Court reporters, stenographers and audio and/or video technicians, and clerical staff employed by any of the foregoing;

    f. Mediators who may be authorized by the parties to mediate the case; and

    g. Such other persons as hereafter may be designated by written stipulation of the parties, or by the Order of the Court.

To "disclose" the Confidential Documents means to provide the Confidential Documents, or any one of them, to provide any documents which discuss the Confidential Documents, or to discuss or refer to any of the contents of the Confidential Documents.

7. The Confidential Documents may be disclosed to an expert or consultant under Paragraph 6 of the Agreement only upon the expert or consultant signing Exhibit 1 to the Protective Order. Said expert or consultant witnesses shall not disclose the Confidential Documents to any person or entity other than staff and/or colleagues employed by the expert or consultant's firm who assist them with their assignment. Said expert or consultant shall either (A) return the Confidential Documents and all copies thereof, including extracts and/or summaries of the Confidential Documents containing information taken from the Confidential Documents, to the party's respective counsel at

1  the conclusion of the litigation, or (B) destroy the Confidential Documents and all copies
2  thereof, including extracts and/or summaries of the Confidential Documents containing
3  information taken from Confidential Documents at the conclusion of the litigation.  The
4  original of such signed Exhibit 1 shall be retained by counsel for each party who intends
5  to or does provide such expert or consultant any such Confidential Documents, until the
6  conclusion of the above-captioned action, including any appeals.  If requested to do so by
7  counsel for any party, counsel shall provide a copy of such declarations to counsel
8  making the request, unless such disclosure would provide information not otherwise
9  subject to discovery (e.g., identification of non-testifying consultant experts or retained
10  experts prior to expert disclosure date or identification of potential witnesses in violation
11  of work product protection or any privilege).  The parties agree not to use these
12  declarations for any purpose other than monitoring and enforcing compliance with this
13  Protective Order.  The parties further agree to treat the declarations as confidential.

14      8.      If Plaintiffs wish to submit to the Court any "Confidential" material,
15  Plaintiffs shall provide Defendants' counsel thirty (30) days advance notice of the intent
16  to so submit so that Defendants can file with the Court a Notice of Request and Request
17  to Seal Documents pursuant to Local Rule 141. Defendants shall file such Notice of
18  Request and Request to Seal Documents no later than seven (7) business days from
19  receipt of written notice by Plaintiffs and shall advise the Court therein of any filing
20  deadlines affecting Plaintiffs' intended submission to the Court. During any deposition in
21  which any of the Confidential Documents or confidential material subject to this
22  Protective Order are offered as an exhibit, or a witness is questioned about the specific
23  contents of same, whether or not offered as an exhibit, all persons present at the
24  deposition shall agree to observe the confidentiality of the Confidential Documents and
25  the material terms of this Protective Order. Said agreement shall be placed on the record
26  at the deposition, and this Protective Order shall be made an exhibit to the deposition.  No
27  witness shall be permitted to take any of the Confidential Documents, or any copies of
28  same, from the deposition, nor shall they be permitted to retain any of the Confidential

1. Documents, nor shall they be permitted to disclose any of the Confidential Documents. Within thirty (30) days of receipt of the original or a certified copy of the deposition transcript, if Defendants contend testimony pertaining to any document marked "CONFIDENTIAL" is subject to this Protective Order, counsel for Defendants shall provide written notice to counsel for Plaintiffs of the page and line numbers so designated.  If a document designated as "CONFIDENTIAL" is used as an exhibit at a deposition, that document and the deposition testimony concerning it shall be deemed "CONFIDENTIAL" matter regardless of whether a party makes any formal designation thereof in connection with the deposition.  If any portion of a deposition transcript is designated and/or deemed a "CONFIDENTIAL" matter, including exhibits, any production or lodging of the transcript in its entirety shall be produced and/or lodged under seal pursuant to Paragraph 8, above.

9. The parties reserve the right to seek an order from the Court, on noticed motion, to modify or change this Protective Order, including the right to have documents designated as confidential deemed not confidential. This Protective Order and the Confidential Documents governed hereby can only be deemed not confidential by an order of the Court upon motion or by stipulation.

10. Notwithstanding the termination of this action by settlement, judgment, dismissal or otherwise, the United States District Court for the Eastern District of California shall retain jurisdiction to enforce the Agreement.

**IT IS SO STIPULATED.**

Dated: January 23, 2015             HINES CARDER, LLP

/s/ Nicole M. Hampton
Nicole M. Hampton
Attorneys for Defendants
NATIONWIDE MUTUAL INSURANCE
COMPANY, AMCO INSURANCE
COMPANY AND ALLIED PROPERTY &
CASUALTY INSURANCE COMPANY

Dated: January 23, 2015                    SIMON LAW

                                                    /s/ David Simon
                                                    David Simon
                                                    Attorney for Plaintiffs
                                                    CLIFFORD ORLOFF, OLGA SHALYGIN
                                                    ORLOFF, and ORLOFF PROPERTY
                                                    MANAGEMENT, INC.

<u>ATTESTATION OF CONCURRENCE IN FILING</u>

       I hereby attest and certify that on January 23, 2015, I received concurrence from Plaintiffs' counsel, David Simon, to file this document with his signature attached.

       I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on January 23, 2015.

                                                    /s/ Nicole M. Hampton
                                                    Nicole M. Hampton

**EXHIBIT 1**

I, _____, declare:

       1.    I hereby acknowledge that I have read the Stipulated Protective Order regarding the Confidential Documents (hereinafter "Order") in the case of <u>Clifford Orloff, et al. v. Nationwide Insurance Company, et al</u>, U.S. District Court for the Eastern District of California, Case No. 2:14-cv-01017-MCE-DAD (the "Lawsuit") and I understand the terms of the Order and agree to abide by and be bound by the terms of the Order.

       2.    I further acknowledge that I understand that the Confidential Documents may not be disclosed to anyone, except as authorized by this Order.

       3.    I further acknowledge that the Confidential Documents may not be used for any purpose other than as required for my work in the Lawsuit.  I further understand and

1 acknowledge that any dissemination or use of such Confidential Documents or
2 information in a manner inconsistent with the Protective Order may subject me to
3 contempt proceedings.

4     4.    I hereby consent to the jurisdiction of said Court for purposes of enforcing
5 this Protective Order.

6     5.    Upon final resolution of the Lawsuit, I shall either (A) return all copies of
7 the Confidential Documents to the attorney, entity or person that retained me or my firm
8 in the Lawsuit, or that provided me with the Confidential Documents, or (B) destroy all
9 copies of those Confidential Documents in my possession, custody or control.

10     I declare under penalty of perjury under the laws of the State of California that the
11 foregoing is true and correct.

13 Dated: _____     By: _____

## **ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

Dated: January 26, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil
orloff1017.stip.prot.ord.doc